DALBERT CARLYLE AND ERMA RAY BRANDON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carlyle v. Commissioner
Docket No. 9895-92
United States Tax Court
T.C. Memo 1993-176; 1993 Tax Ct. Memo LEXIS 179; 65 T.C.M. (CCH) 2457; April 20, 1993, Filed *179 An appropriate order of dismissal for lack of jurisdiction will be entered. Dalbert Carlyle and Erma Ray Brandon, pro sese. For respondent: T. Keith Fogg. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed June 30, 1992, on the ground that the petition was not timely filed. Respondent determined a deficiency of $ 6,884 in petitioners' 1988 Federal income tax, and addition to tax of $ 344.20 for negligence or intentional disregard of the rules or regulations pursuant to section 6653(a)(1), and an addition to tax of $ 1,721 for the substantial underpayment of tax pursuant to section 6661(a). Petitioners filed a petition with this Court on May 11, 1992, seeking a redetermination of the tax deficiency and additions to tax. In order to maintain an action in this Court there must be both a valid notice of deficiency *180 and a timely filed petition. ; . Section 6212(a) authorizes the Secretary upon the determination of a deficiency in income tax to issue a notice of deficiency by certified or registered mail to the taxpayer at his "last known address". Section 6212(b)(1) provides that the mailing of a notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice. Actual receipt of the notice of deficiency by the taxpayer is not required if it was mailed to the "last known address". , affd. on other grounds ; , affd. per curiam . The term "last known address" has been defined to mean "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed *181 the Commissioner to send all communications during such period". . Respondent mailed a timely notice of deficiency for the year 1988, by certified mail to petitioners at 1184 Ruggies, La Verne, CA 91750 (the California address). The notice of deficiency was mailed on April 15, 1991, as reflected on Postal Service Form 3877, Application for Registration or Certification (Form 3877). In the absence of contrary evidence Form 3877 is proof of mailing of the notice of deficiency. ; The statutory 90-day period for timely filing a petition with the Court expired on Sunday, July 14, 1991. Sec. 6213. Accordingly, under section 7503, the period for filing the petition expired on the first succeeding workday, Monday, July 15, 1991. Petitioners' petition was filed with the Court on May 11, 1992, 391 days after the mailing of the notice of deficiency. Petitioners first argue that the notice of deficiency was not mailed to their "last known address" because *182 the name of their street was misspelled and, hence, the notice is invalid. Alternatively, petitioners argue that their petition was timely because it was promptly filed after they obtained a copy of the notice. It appears that petitioners' names, the street number, city, State, and postal zip code were correct. Respondent admits that the correct spelling of petitioners' street name is Ruggles, not Ruggies. Respondent maintains however, that the misspelling is a minor error which does not render the notice invalid, and, therefore, petitioners' petition was untimely. In support of her motion respondent introduced a copy of a letter delivered to petitioners at the California address which petitioners do not dispute they received. The letter reflects the misspelled street name and indicates that petitioners had, on at least one occasion, received mail from the Internal Revenue Service (IRS) using the incorrectly spelled street name. Moreover, the notice of deficiency was returned to respondent not because the address was incorrect but because it went unclaimed. Although petitioners temporarily resided in Manassas, Virginia, at the time the notice of deficiency was mailed, their *183 California address remained their permanent address, and it was to that address that petitioners directed respondent to send all communications. Petitioner Dalbert Carlyle Brandon testified that "my son was at my house in California all the time that it [the notice of deficiency] should have been delivered there and never was". In any event, a notice of deficiency which is properly mailed by respondent to a taxpayer's "last known address" need not be received to be effective. . Accordingly, based upon the record presented, we find that the misspelling of petitioners' street name was a minor error which did not cause the notice of deficiency to be mailed to an address other than petitioners' "last known address". See ; . Inconsequential errors of this nature in addressing a notice of deficiency do not destroy its validity. , affd. . *184 We conclude on this record that respondent has complied with the requirements of section 6212(b)(1) in mailing the notice of deficiency to petitioners' "last known address". Next, we address the question of whether petitioners' petition was timely filed. Petitioners do not contest the fact that their petition was filed 391 days after the notice of deficiency was mailed. Instead, they argue that we have jurisdiction because they promptly filed the petition upon obtaining a copy of the notice of deficiency. Petitioners' argument is without merit. A valid notice of deficiency was mailed to petitioners on April 15, 1991. Accordingly, the statutory 90-day period for filing a timely petition expired on Monday, July 15, 1991. Petitioners' petition was not filed until May 11, 1992, making it untimely. Consequently, we lack jurisdiction. Respondent's motion will be granted. An appropriate order of dismissal for lack of jurisdiction will be entered.